# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HARTFORD FIRE INSURANCE COMPANY, a corporation; SENTINEL INSURANCE COMPANY, LTD, a corporation; ERIC GARCETTI, an individual, and; DOES 1 to 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC, a limited liability company;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
20STCV14866

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Geragos, Esq. GERAGOS & GERAGOS, APC, 644 South Figueroa Street, Los Angeles, CA 90017-3411. (213) 625-3900.

DATE: *(Fecha)* 04/17/2020 Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* R. Clifton , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 04/17/2020 01:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

20STCV14866
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS SBN 108325
BEN J. MEISELAS SBN 277412
MATTHEW M. HOESLY SBN 289593

**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com

*Attorneys for Plaintiff,*
GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**LOS ANGELES COUNTY—STANLEY MOSK COURTHOUSE**

GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC, a limited liability company;

Plaintiff,

vs.

HARTFORD FIRE INSURANCE COMPANY, a corporation; SENTINEL INSURANCE COMPANY, LTD, a corporation; ERIC GARCETTI, an individual, and; DOES 1 to 25, inclusive,

Defendants.

**CASE NO.:** 20STCV14866

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**(1) DECLARATORY RELIEF**
**(2) BAD FAITH—BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(3) PER SE VIOLATION OF STATUTE—CALIFORNIA INSURANCE CODE SECTION 790.03**

Plaintiff Geragos & Geragos Engine Company No. 28, LLC ("Engine Co. No. 28" or "Plaintiff"), brings this Complaint, alleging against Defendants Hartford Fire Insurance Company ("Hartford"), Sentinel Insurance Company, LTD ("Sentinel"), Eric Garcetti ("Garcetti"), and DOES 1 through 25 (collectively as "Defendants") as follows:

**PARTIES**

1. At all relevant times, Plaintiff Geragos & Geragos Engine Company No. 28, LLC[1] is a limited liability company organized and authorized to do business and doing business in the State of California. Plaintiff owns, operates, and/or manages a historic commercial office building located in the heart of downtown Los Angeles at 644 South Figueroa Street, Los Angeles, CA 90017.

2. At all relevant times, Defendants Hartford Fire Insurance Company, a corporation, and its underwriter, Sentinel Insurance Company, LTD, a corporation (collectively "Hartford Defendants") are corporations organized under the laws of Connecticut, and licensed by the State of California to do business and doing business in the County of Los Angeles, California (COA #5168-0 and License No. 8701) subscribing to Policy Number 84 SBA BC2563 SA (the "Policy") issued to Plaintiff for the period of July 4, 2019 through July 4, 2020. Hartford Defendants are transacting the business of insurance in the state of California and the basis of this suit arises out of such conduct.

3. At all relevant times, Defendant Eric Garcetti is an individual who is being named in his official capacity as the Mayor of Los Angeles.

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction over the matter alleged herein.

5. Plaintiff is informed and believes, and thereon alleges, that this Court is the proper venue for trial because the acts and/or omissions complained of took place, in whole

[1] While the underlying Policy is technically held by "Mark & Brian's Engine Company No. 28, LLC, Plaintiff filed an Amendment (Form LLC-2) with the California Secretary of State in March 2020 changing the name to "Geragos & Geragos Engine Company No. 28, LLC", thus Plaintiff sues on behalf of its new entity name.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

or in part, within the venue of this Court. Further, Defendants are located and conduct business here, and witnesses are located here.

**FACTUAL BACKGROUND**

6. On or about July 4, 2019, Plaintiff entered into a contract of insurance with Hartford Defendants, whereby Plaintiff agreed to make payments to Hartford Defendants in exchange for Hartford Defendants' promise to indemnify Plaintiff for losses including, but not limited to, business income losses at its commercial building (hereinafter "Insured Property") in downtown Los Angeles.

7. The Insured Property houses numerous commercial offices and businesses, including the Big3 Basketball's headquarters as well as the world-renowned law offices of Geragos & Geragos, APC centrally located in downtown Los Angeles at 644 South Figueroa Street, Los Angeles, CA 90017. The entire commercial office space is owned, managed, and/or controlled by Plaintiff.

8. The Insured Property is covered under an insurance policy issued by the Hartford Defendants bearing Policy Number 84 SBA BC2563 SA (the "Policy").

9. The Policy is currently in full effect, providing property, business personal property, business income and extra expense, and additional coverages between the period of July 4, 2019 through July 4, 2020.

10. Plaintiff faithfully paid policy premiums to Hartford Defendants, specifically to provide additional coverages for "Business Income and Extra Expense Coverage" in the event of business closures by order of Civil Authority.

11. Under the Policy, insurance is extended to apply to the actual loss of business income sustained and the actual, necessary and reasonable extra expenses incurred when access to the scheduled premises is specifically prohibited by order of Civil Authority as the direct result of a covered cause of loss to property in the immediate area of Plaintiff's scheduled premises. This additional coverage is identified as coverage under "Civil Authority" as part of the Policy's "Property Optional Coverages" section.

12. The Policy is an all-risk policy, insofar as it provides that a covered cause of

loss under the policy means direct physical loss or direct physical damage unless the loss is specifically excluded or limited in the Policy.

13. The Policy's Civil Authority Coverage Section extends coverage to direct physical loss or damage that results in a covered cause of loss to the Property in the immediate area of the "scheduled premises".

14. Based on information and belief, Hartford Defendants has accepted the policy premiums with no intention of providing any coverage under the Policy's Civil Authority Coverage Section due to a loss and shutdown from a virus pandemic.

15. The global COVID-19 pandemic has physically impacted both public and private property and physical spaces around the world, as well as the right of the general public to gather and utilize retail business locations. The currently-raging pandemic has been exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials, "fomites," for up to twenty-eight days. The scientific community in the United States and indeed, across the world, including the World Health Organization, has recognized that the Coronavirus is a cause of real physical loss and damage.

16. Indeed, a number of countries such as: China, Italy, France, and Spain have required the fumigation of public areas prior to allowing them to re-open. A recent scientific study printed in the New England Journal of Medicine explains that the virus is detectable for up to three hours in aerosols, up to four hours on copper, up to 24 hours on cardboard boxes, and up to three days on plastic and stainless steel[2]. Notably, the most potent form of the virus is not airborne but rather present on physical surfaces.

17. On March 15, 2020, the Mayor of Los Angeles, Defendant Garcetti, issued an Executive Order (No. 202.6) directing all "non-essential" businesses to be closed in Los Angeles. Defendant Garcetti's Order came on the heels of Governor Gavin Newsom's similar state-wide order issued earlier that day. Defendant Garcetti's Order specifically

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

[2] See Aerosol and Surface Stability of SARS-CoV-2 as Compared with SARS-CoV-1, New England Journal of Medicine (March 17, 2020), available at https://www.nejm.org/doi/pdf/10.1056/NEJMc 2004973?articleTools=true

referenced that it was being issued based on the dire risks of exposure with the contraction of COVID-19 and evidence of physical damage to property. Shortly thereafter, Governor Newsom issued a state-wide "Stay-at-Home Order" for all residents of California. In this case, the property that is damaged is in the immediate area of the Insured Property.

18. As a direct and proximate result of this Order, access to Plaintiff's Insured Property (save for those commercial offices deemed as "essential businesses") has been specifically prohibited.

19. As a further direct and proximate result of the Order, Plaintiff has been forced to deal with unpaid rent and other related issues stemming from its tenants' abandonment of the Insured Premises.

20. Any effort by Hartford Defendants to deny the reality that the Coronavirus causes physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger policyholders, such as Plaintiff, and the public.

21. A declaratory judgment determining that the coverage provided under the Policy will prevent Plaintiff from being left without vital coverage acquired to ensure the survival of its business due to the unprecedented scale of the shutdown caused by the Order. As a result of this Order, Plaintiff has incurred, and continues to incur, a substantial loss of business income and additional expenses covered under the Policy.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants and DOES 1 to 25)**

22. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

23. Under California Code of Civil Procedure section 1060 et seq., the court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. An actual controversy has arisen between Plaintiff and Hartford Defendants as to the rights, duties, responsibilities and obligations of the parties in that Plaintiff contends and, on information and belief, Hartford Defendants dispute and deny, that: (1) the Order by

Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition of access to Plaintiff's Insured Premises; (2) the prohibition of access by the Order is specifically prohibited access as defined in the Policy; (3) the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage, including by virus; and (4) the Policy provides coverage to Plaintiff for any current and future civil authority closures of commercial buildings in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the Insured Premises. Resolution of the duties, responsibilities and obligation of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

24. Plaintiff seeks a Declaratory Judgement to determine whether the Order constitutes a prohibition of access to its Insured Premises by a Civil Authority as defined in the Policy.

25. Plaintiff further seeks a Declaratory Judgement to affirm that the Order triggers coverage because the Policy does not include exclusion for a viral pandemic and actually extends coverage for physical loss or damage to the Insured Premises.

26. Plaintiff further seeks a Declaratory Judgment to affirm that the Policy provides coverage to Plaintiff for any current and future civil authority closures of commercial buildings in California due to physical loss or damage from the Coronavirus and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the Insured Premises.

27. Plaintiff does not seek any determination of whether the Coronavirus is physically in the Insured Premises, amount of damages, or any other remedy other than declaratory relief.

///

///

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**SECOND CAUSE OF ACTION**

**BAD FAITH—BREACH OF IMPLIED COVENANT OF GOOD FAITH & FIAR DEALING**

**(Against Hartford Defendants and DOES 1 to 25)**

28. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

29. At all material times herein alleged, the Hartford Defendants, and each of them, knew, or in the exercise of good faith reasonably should have known, that Plaintiff was legally entitled to recover the benefit under the aforementioned insurance policy, and that the Hartford Defendants, and each of them, were obligated to provide Plaintiff the benefits under the insurance policy.

30. The Hartford Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known, that the policy benefit was due to Plaintiff.

31. Nevertheless, the Hartford Defendants, and each of them, maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, and failed, to pay the benefits of the policy to Plaintiff, despite the fact that the benefits under the policy were due and payable to the Plaintiff and the Plaintiff was entitled to the full benefits of the policy.

32. The Hartford Defendants, and each of them, unreasonably failed to pay Plaintiff's claim for benefits under the policy in a reasonably timely manner. All acts of the Hartford Defendants, and each of them, as herein alleged, were done with the prior approval of, with the knowledge of, and/or under the express direction or ratification of an officer, director, or managing agent of the Hartford Defendants, and each of them, consistent with the definitions contained in *California Code of Regulations,* Title 10, Section 2695.12.

33. As a proximate result of the Hartford Defendants' wrongful conduct, as aforementioned, Plaintiff has been wrongfully denied and delayed in the receipt of its lawful insurance policy benefits.

34. The Hartford Defendants' actions in withholding and refusing to pay the policy benefits were unreasonable and in bad faith.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

35. Plaintiff is informed and believes, and thereon alleges that the Hartford Defendants' actions were part of a practice of the Hartford Defendants which is designed, among other things, to wrongfully withhold payment of claims with the intent of ignoring the interest of their insured.

36. As a direct and proximate result of the Hartford Defendants' wrongful conduct, as aforesaid, Plaintiff has sustained severe and serious injury including, but not limited to emotional distress, anxiety, frustration, humiliation and indignity all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

**THIRD CAUSE OF ACTION**

**PER SE VIOLATION OF STATUTE—CALIFORNIA INSURANCE CODE SECTION 790.03**

**(Against Hartford Defendants and DOES 1 to 25)**

37. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

38. Because Plaintiff was a first party insured at all material times herein alleged, the Hartford Defendants, and DOES 1 to 25, and each of them, had a duty under California Insurance state regulations (which were designed for the protection and benefit of first party insured like Plaintiff) to handle insurance claims in a fair and reasonable manner.

39. Without limiting the generality of the foregoing, the Hartford Defendants had a duty and are in breach of the duties listed under California Insurance Code Section 790.03(h), which provides that it is a violation under this Code to: "Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices":

(1) Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverage at issue.

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

(3) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

(6) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

(7) Attempting to settle a claim by an insured for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

....

(12) Failing to settle claims promptly, where liability has become apparent, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(13) Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

40. Instead, the Hartford Defendants, and each of them, knew that the intentional or negligent refusal to provide business interruption coverage under Plaintiff's insurance policy vis-à-vis Plaintiff's insurance claim was designed to circumvent the Hartford Defendants' legal duty to comply with applicable regulations, so as to maximize its profitability by retaining the money paid by Plaintiff for said business interruption coverage without providing coverage to Plaintiff as proscribed by the California Insurance Code.

41. In fact, on April 14, 2020, and after receiving "numerous complaints from businesses, public officials, and other stakeholders", the Insurance Commissioner for the

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

State of California—Mr. Ricardo Lara ("Lara")—published a 3-Page Notice on behalf of the Department of Insurance in which Lara warned insurers (such as the Hartford Defendants) to "accept, forward, acknowledge, and fairly investigate all business interruption insurance claims submitted by businesses" and to "comply with their contractual, statutory, regulatory and other legal obligations in connection with all California insurance claims, including but not limited to, Business Interruption insurance claims…filed by California businesses."

42. The Hartford Defendants utter failure to attempt to resolve Plaintiff's claim in good faith, among other things, is in utter and total non-compliance with established California law, Insurance Code Section 790.03(h) as well as Lara's recent pronouncement.

43. The Hartford Defendants, and each of them, had a duty based in part on their superior and exclusive knowledge concerning their inability and intention not to provide legally fair and reasonable treatment to their insured was based on its understanding that Plaintiff fully expected coverage to be available and that Plaintiff was relying upon The Hartford Defendants as a first party insured would reasonably do. Accordingly, Plaintiff was subjected to serious damages, harm and suffering in believing that Plaintiff would be properly cared for by the Hartford Defendants with respect to Plaintiff's claim for coverage.

44. The Hartford Defendants, and each of them, breached their duty, among other things, to attempt in good faith, to effectuate prompt, fair, and equitable settlement of Plaintiff's insurance claim in which liability had become reasonably clear, which underscores the unfair and bad faith handling of Plaintiff's valid first party insurance claim.

45. Plaintiff relied upon the Hartford Defendants with regard to the assurance and expectation that Plaintiff would be properly cared for according to law, and have its claims covered. Accordingly, as a proximate and legal result as herein alleged, Plaintiff has suffered appreciable damages in the form of not only a coverage denial by the Hartford Defendants, but also with incurring costs and fees in retaining counsel to pursue its rights.

46. In doing the aforementioned acts, the Hartford Defendants gained an advantage over Plaintiff in matters relating to Plaintiff's claim for damages arising out of the

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Civil Order closures in violation of applicable California Insurance laws and regulations with respect to the Hartford Defendants' bad faith handling of Plaintiff's claims.

47. By reason of the foregoing, the Hartford Defendants have acted with malice, fraud and oppression, and an award of punitive damages in a sum according to proof at trial is justified, warranted and appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiff herein, Geragos & Geragos Engine Company No. 28, LLC, prays as follows:

1) For a declaration that the Order by Eric Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition of access to Plaintiff's Insured Premises located at 644 South Figueroa Street, Los Angeles, CA 90017.
2) For a declaration that the prohibition of access by the Order is specifically prohibited access as defined in the Policy.
3) For a declaration that the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage.
4) For a declaration that the Policy provides coverage to Plaintiff for any current and future civil authority closures of restaurants in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises.
5) For General Damages against the Hartford Defendants in the sum according to proof.
6) For Punitive Damages against the Hartford Defendants in an amount to be shown according to proof, and for treble damages pursuant to Civil Code Section 3345.
7) For interest provided by law including, but not limited to, California Civil Code

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Section 3291.

8) For attorneys fees and costs of suit.

9) For such other relief as the Court may deem just and proper.

DATED: April 15, 2020

**GERAGOS & GERAGOS, APC**
**DHILLON LAW GROUP INC.**

By: ______________________________
MARK J. GERAGOS
BEN J. MEISELAS
MATTHEW M. HOESLY
HARMEET K. DHILLON
NITOJ P. SINGH
*Attorneys for Plaintiff*,
GERAGOS & GERAGOS ENGINE COMPANY NO. 28, LLC

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Mark J. Geragos, Esq. (SBN 108325)
GERAGOS & GERAGOS, APC
644 South Figueroa Street, Los Angeles, CA 90017-3411

TELEPHONE NO.: (213) 625-3900 FAX NO. (Optional): (213) 232-3255
ATTORNEY FOR (Name): Geragos & Geragos Engine Co. No. 28, LLC, Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Geragos & Geragos Engine Company No. 28, LLC v. Hartford Fire Insurance Company, et al.

# CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 20STCV14866
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2020
Mark J. Geragos
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Geragos & Geragos Engine Company No. 28. LLC v. Hartford Fire, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Geragos & Geragos Engine Company No. 28. LLC v. Hartford Fire, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☑ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Geragos & Geragos Engine Company No. 28. LLC v. Hartford Fire, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Geragos & Geragos Engine Company No. 28. LLC v. Hartford Fire, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 644 South Figueroa Street |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: April 16, 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
04/17/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: R. Clifton Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
20STCV14866

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | John P. Doyle | 58 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 04/17/2020 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton, Deputy Clerk



**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.